AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

UNITED STATES OF AMERICA

vs.

<u>KORY ALEXANDER LITTLE</u>

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 4:14cr755BHH-1

USM Number: 27818-171

<u>Mark Campbell McLawhorn, AFPD</u>
Defendant's Attorney

## THE DEFENDANT:

☐   pleaded guilty to _____.
☐   pleaded nolo contendere to count(s) _____ which was accepted by the court.
■   was found guilty on count(s) <u>#1   by jury verdict on March 17, 2016</u>

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:922(g)(1), 924(a)(2) | Please see indictment | 6/26/2014 | 1 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s) _____.
☐   Count(s) _____ ☐ is ☐are   dismissed on the motion of the United States.
☐   Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

May 16, 2016
Date of imposition of Judgment

s/ Bruce Howe Hendricks
Signature of Judge

Hon. Bruce H. Hendricks, U S District Judge
Name and Title of Judge

May 19, 2016
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2

DEFENDANT: KORY ALEXANDER LITTLE
CASE NUMBER: 4:14cr755BHH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of sixty three (63) months.

■    The court makes the following recommendations to the Bureau of Prisons: 1.  That the defendant be placed in the residential drug abuse treatment program while incarcerated.  2.  That the defendant be housed at FCI Bennettsville or a facility as close thereto as possible.

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case

DEFENDANT: KORY ALEXANDER LITTLE
CASE NUMBER: 4:14cr755BHH-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.    While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. § 3583(d). The defendant shall also comply with the following special conditions: 1. The defendant shall satisfactorily participate in a drug testing program as approved by the U.S. Probation Office. The defendant shall contribute to the costs of such program not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or "Medicaid." 2. The defendant shall satisfactorily participate in a mental health treatment program as approved by the U.S. Probation Office. The defendant shall contribute to the costs of the program not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or "Medicaid."   3.   The defendant shall satisfactorily participate in a vocational training program as approved by the U.S. Probation Office.      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement  officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 4 - Criminal Monetary Penalties

Page 4

DEFENDANT: KORY ALEXANDER LITTLE
CASE NUMBER: 4:14cr755BHH-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 100.00** | **$ $** | _ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $_____ | $_____ |  |

☐ Restitution amount ordered pursuant to plea agreement    **$_____**

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
       ☐ The interest requirement is waived for the ☐ fine ☐ restitution.
       ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
    Sheet 5 - Schedule of Payments

Page 5

DEFENDANT: KORY ALEXANDER LITTLE
CASE NUMBER: 4:14cr755BHH-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of $ 100.00 (special assessment ) due immediately

☐ not later than _____ , or

☐ in accordance with    ☐ C,    ☐ D, or    ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____(e.g., months or years), to commence _____ *(30 or 60 days)*  after the date of this judgment; or

D    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____(e.g., months or years), to commence _____ *(30 or 60 days)* after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.
☐    The defendant shall pay the following court cost(s):
■    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed   3/21/16   and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA      )     CRIMINAL NO.: 4:14-CR-00755-BHH
                              )
            v.                )
                              )
KORY ALEXANDER LITTLE         )

PRELIMINARY ORDER OF FORFEITURE AS TO
KORY ALEXANDER LITTLE

This matter is before the court on the motion of the United States for a

Preliminary Order of Forfeiture as to Defendant Kory Alexander Little ("Little,"

"Defendant"), based upon the following:

1.     On November 5, 2014 a one count Indictment was filed charging Little with

being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §

922(g)(1).

2.     Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture

allegation providing that upon Little's conviction, certain properties enumerated therein,

or equivalent substitute assets, would be subject to forfeiture to the United States. As

specified therein, such assets include, but are not limited to the following:

A.          Firearm      and Ammunition:

                    Hi-Point, model JHP, .45 caliber pistol
     Serial             Number: X4136220
     Asset              ID: 14-ATF-024065

                    12 Rounds of .45 caliber ammunition
     Asset              ID: 14-ATF-024066

Order, p. 1 of 4

3.      On March 17, 2016, Little was   found guilt y by a jury of count one of the indictment, being a felon in poss ession of a firearm and ammunition, in v iolation of 18 U.S.C.§ 922(g)(1), 924(a)(2) and 924(e).  Following the jury's verdict, the Court found by a preponderance of t he ev idence that the Go vernment establis hed that the Hi-Point, model JHP, .45 caliber pistol and 12 rounds  of .45 caliber ammunition were involved in or used in the commission of the offense.

4.      Based upon Little's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

5.      The court has determined that the government has establis        hed t he requisite nexus between the said property subject to forfeiture and the offens e for which Little  has been convicted; therefore, the United States is ent itled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.      The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant, Kory Alexander Little, in and to such property:

A.          Firearm        and Ammunition:

Hi-Point, model JHP, .45 caliber pistol
Serial              Number: X4136220
Asset               ID: 14-ATF-024065

12 Rounds of .45 caliber ammunition
Asset               ID: 14-ATF-024066

Order, p. 2 of 4

2.      Upon entry of the criminal judgment, this order becomes final as to Little, and shall be made a part of his sentence and included in the criminal judgment.

3.      The United States shall publis h notice of this    Order and its intent to dispose of the property in suc h manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

4.      Upon entry of this Order, the Bureau of Alc ohol Tobacco and Fir earms or their designee is authorized to s eize the above-described forf eited property as directed by the United States Attorney 's Office and to commen ce proceedings that comply wit h statutes governing third party rights.

5.      Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing    without a jury to adjudicate the validity of his alleged interes t in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6.      Any petition filed by    a third party asserting an int    erest in the above-described property shall be sign ed by the petitioner under penalt y of perjury and shall set forth the nature and extent of the petitioner    's right, title, or interest in the subject property, the time and circumstances of the petitioner   's acquisition of the right, title or interest in such property, and ad ditional facts supporting the petitioner 's claim and the relief sought.

7.      After the dispos    ition of any motion filed under Fed. R. Crim. P.

Order, p. 3 of 4

32.2(c)(1)(A) and before a hear    ing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that suc        h discovery is necessary or desirable to resolve factual issues.

8.    The United States shall have clear title to the property following the court's determination of all t    hird party interests, or, if no petitions are filed, following the expiration of the period pr   ovided in 21 U.  S.C.  § 853(n)(2) for the filing of    third party petitions.

9.    The court shall retain jurisdiction to resolve disputes which may   arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10.    The Clerk,  U.S. District Court, shall prov   ide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Bruce Howe Hendricks
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

March 21, 2016
Florence, South Carolina